IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Margaux Moughler, | ) | Case No.: 4:25-cv-01633-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| United States Department of Housing and | ) | |
| Urban Development (H.U.D.); E.C.H.O. | ) | |
| (Continuum of Care Program); and | ) | |
| Nick Jackson (Landlord), | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report")

of United States Magistrate Judge Kaymani D. West (DE 30), issued pursuant to 28

U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina,

following initial review of Plaintiff Margaux Moughler's ("Plaintiff" or "Moughler")

Emergency Motion for Temporary Restraining Order and Preliminary Injunction.

(DE 1).[1]

### A. Background

The Report accurately sets forth the relevant factual and legal background,

which the Court adopts herein without full recitation. Nevertheless, the following

summary is provided for context.

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff, proceeding pro se, filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction related to a pending state court eviction action. She named as defendants the United States Department of Housing and Urban Development ("HUD"), E.C.H.O. (Continuum of Care Program), and Nick Jackson (Landlord) (collectively, "Defendants"). (DE 1).

By order dated March 24, 2025, the Court acknowledged receipt of several faxed submissions from Plaintiff, dated March 19 and 20, 2025. (DE 15). The Court advised Plaintiff of the District's policy that after-hours filings must be delivered in person to the Clerk's Office by 9:30 a.m. the following business day to be properly filed. Because Plaintiff failed to comply with this requirement, her faxed submissions were not entered on the docket. (*Id.*)

Additionally, Plaintiff was notified that her submissions were deficient and did not provide sufficient information for initial review. She was directed to complete and return an application to proceed without prepayment of fees, along with service documents and a non-prisoner form complaint. The Court further cautioned Plaintiff that failure to bring her case into proper form or to keep the Court apprised of her current address could result in dismissal. (*Id.*)

On the same date, the Court issued a deficiency memorandum advising Plaintiff that her pleading was unsigned and directing her to return a signed version for filing. (DE 19). The proper form order and deficiency memorandum were mailed

to the address Plaintiff had provided, and they were not returned as undeliverable. Accordingly, Plaintiff is presumed to have received them.[2]

Despite submitting additional faxed documents after the March 24 order (*see* DE 21, 22),[3] Plaintiff has not filed a signed pleading nor submitted the materials necessary to bring the case into proper form. Instead, on March 21, 2025, Plaintiff filed an emergency petition for a writ of mandamus with the United States Court of Appeals for the Fourth Circuit, seeking to compel this Court to rule on her emergency motion. (DE 24–26). The Fourth Circuit dismissed the petition on May 5, 2025, for failure to prosecute. (DE 28).

### B. Report and Recommendation

On May 7, 2025, the Magistrate Judge issued the Report, recommending dismissal of this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (DE 30). The Report concluded that Plaintiff's failure to respond to the proper form order, coupled with her other procedural deficiencies, demonstrated an intent to abandon the action. (*Id.* at 4). Plaintiff did not file objections to the Report.

---

[2]    On March 25, 2025, the Clerk of Court was directed to respond to a voicemail left by Plaintiff and to advise her that the court has received her faxes and has mailed her an order explaining the court does not accept and will not consider faxed transmissions. (DE 23.) Plaintiff was also advised that the court accepts filing sent by US Mail or in person. (*Id.*) Plaintiff was also again advised the court does not and will not consider faxed transmissions. (*Id.*)

[3]    The faxed documents sent to the court by Plaintiff were not signed, nor did Plaintiff submit any service documents for the named Defendants.

**C. Legal Standard**

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**D. Conclusion**

Since Plaintiff has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 30) and incorporates it here by reference.

It is, therefore, ORDERED that this action is DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 16, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within sixty (60) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.